IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WOLFBAUER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; and DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | 8:18CV13<br><br>MEMORANDUM AND ORDER |

Plaintiff James Wolfbauer filed his Complaint (Filing No. 1) on January 11, 2018, and has been granted leave to proceed in forma pauperis (Filing No. 6). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Defendant Ocwen Loan Servicing, LLC ("Ocwen") and unknown "Does 1 through 10, inclusive," seeking damages and to set aside a foreclosure sale of property located at 3605 W. 14th Street, North Platte, Nebraska (hereinafter "Subject Property"). (Filing No. 1 at CM/ECF pp.2–3, 6.) Plaintiff resides in North Platte, Nebraska, and Ocwen is a Delaware limited liability company. (Id. at CM/ECF p.2.)

Plaintiff alleges the Subject Property is his "home" and asserts a title interest in the Subject Property. (Id. at CM/ECF pp.2–3, 5.) Plaintiff claims Ocwen "and any entities . . . claiming an interest in Subject Property" acted jointly "for the purpose of enforcing an alleged secured indebtedness upon the . . . Subject

Property, extracting money from Plaintiff, and seizing Subject Property." (*Id.* at CM/ECF p.4.) On or about November 21, 2017, Plaintiff claims Ocwen and Attorney Kerry Feld[1] (acting as trustee) conducted a trustee sale of the Subject Property without providing Plaintiff proper notice of the sale via registered or certified mail or publication as required by Neb. Rev. Stat. § 76-1008. (*Id.* at CM/ECF p.5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

---

[1] While Plaintiff refers to Attorney Kerry Feld within the body of his Complaint, it does not appear that Plaintiff intended Feld to be included as a defendant. *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).This conclusion is supported by Plaintiff's statement that he will amend his Complaint to allege the unknown Doe Defendants' names when such are ascertained, but his conscious choice to not list Feld as a defendant. (*See* Filing No. 1 at CM/ECF p.3.)

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

**A. Jurisdiction**

Before the court can address Plaintiff's claims it must determine whether it has jurisdiction to do so. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff has alleged the amount in controversy is greater than $75,000.00, and, given that Plaintiff seeks to recover his home, the court accepts Plaintiff's allegation is made in good faith. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("[T]he sum claimed by the plaintiff in good faith is usually dispositive, [unless] it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount."). Plaintiff also has alleged that his citizenship is different than the citizenship of the only named Defendant, Ocwen. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal

3

place of business . . . ."). As a result, complete diversity of citizenship exists.[2] *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.")

**B. Claim against Ocwen**

Liberally construed, Plaintiff's Complaint states an equitable state law claim for wrongful nonjudicial foreclosure. Nebraska has recognized that a party may bring an action in equity to set aside a foreclosure sale conducted under a power of sale in a trust deed. *Gilroy v. Ryberg*, 667 N.W.2d 544, 553 (Neb. 2003) (recognizing "three categories of defects in a trustee's sale conducted under a power of sale in a trust deed: (1) those that render the sale void, (2) those that render the sale voidable, and (3) those that are inconsequential"); *see also 24th & Dodge Ltd. Partnership v. Acceptance Ins. Co.*, 690 N.W.2d 769, 775 (Neb. 2005) (noting that such an action must seek to set aside the sale in equity). In general, a sale will be "voidable" where the party seeking to set aside the sale shows that the defect caused the party to be prejudiced. *Gilroy*, 667 N.W.2d at 554.

Here, Plaintiff alleges that he did not receive proper notice as required by Nebraska law before a trustee sale of his home was conducted. Liberally construed, Plaintiff alleges he held title to the Subject Property, subject to a mortgage, and the court, therefore, can reasonably infer that Plaintiff was entitled to notice of the trustee sale. *See* Neb. Rev. Stat. § 76-1008 ("Each trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale thereunder shall be mailed to each person who is a party thereto at the address of such person set forth therein [or] [i]f no address of the trustor is set forth in the trust deed and if no request for notice by such trustor has been recorded as provided in this section,

---

[2] Of course, this determination of diversity of citizenship is based only on the citizenship of the named parties, Plaintiff and Ocwen. Should Plaintiff amend his Complaint to name any of the unknown Doe defendants, the court would necessarily reevaluate the question of subject matter jurisdiction.

4

a copy of the notice of default shall be published . . . ."). Taken as true, the allegations of the Complaint state a plausible claim for relief based on irregularities in the foreclosure process. The court cautions Plaintiff that this is only a preliminary determination based on his allegations and is not a determination of the merits of his claims or potential defenses thereto.

While Plaintiff may proceed to service of process on his equitable claim to set aside the foreclosure sale, Plaintiff cannot recover punitive damages in this action as such damages are not permitted under Nebraska law. *See [Distinctive Printing & Packaging Co. v. Cox](), 443 N.W.2d 566, 574 (Neb. 1989)* ("[T]he fact remains that punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction."); *see also [Enron Corp. v. Lawyers Title Ins. Corp.](), 940 F.2d 307, 313 (8th Cir. 1991)* (concluding insured mortgagee could not recover punitive damages under Nebraska law in action against title insurer). Plaintiff's claim for punitive damages is dismissed.

## IV. MOTIONS FOR SUMMONS

Plaintiff has filed two motions for summons ([filing nos. 3](), [7]()) for service on "CSC-Lawyers Incorporating Service Company," which Plaintiff has indicated is the agent for service of process for Ocwen. (*See* [Filing No. 9 at CM/ECF p.6]().) It appears from the record that Plaintiff already may have attempted service of process on Ocwen (*see [id.]() at CM/ECF p.8*), and Ocwen has received, at least, some notice of Plaintiff's Complaint given counsel has entered an appearance for Ocwen. (*See* [Filing Nos. 11](), [12]().) In any case, the court has now determined that Plaintiff's claim may proceed against Ocwen and will, therefore, grant his motions for summons consistent with this Memorandum and Order.

## V. MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ([Filing No. 9]().) Counsel for Ocwen entered their

notices of appearance and filed a response to Plaintiff's motion. (Filing Nos. 11, 12, 13.) As set forth below, Plaintiff's motion is denied.

"Under the Federal Rules of Civil Procedure, [a motion for default judgment] may be granted only in those instances in which 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend'" the action. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a)). "If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action," the court should not grant a default judgment. *Id.*

Clearly, Ocwen was under no obligation to plead or otherwise respond to Plaintiff's Complaint prior to the court's completion of this initial review. The court specifically advised Plaintiff that an initial review would be the next step in his case after Plaintiff was granted leave to proceed in forma pauperis and that the matter would not proceed to service of process until after the court completed its initial review. (Filing No. 6.) Moreover, it is not at all evident that Ocwen has properly been served with process as a summons must be signed by the clerk and bear the court's seal, which the court has not authorized until now. *See* Fed. R. Civ. P. 4(a), (c)(1). Accordingly, Plaintiff's Motion for Default Judgment is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Default Judgment (filing no. 9) is denied.

2. This action may proceed to service of process only as to Plaintiff's equitable state law claim for wrongful nonjudicial foreclosure based on violation of Neb. Rev. Stat. § 76-1008 against Defendant Ocwen. Plaintiff's motions for summons (filing nos. 3, 7) are granted to the extent consistent with this Memorandum and Order.

3. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. For service of process on Defendant Ocwen Loan Servicing, LLC, the clerk of the court is directed to complete a summons form[3] and USM-285 form for Defendant Ocwen Loan Servicing, LLC, using the address "CSC-Lawyers Incorporating Service Company, Suite 1900, 233 South 13th Street, Lincoln, NE 68508," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendant Ocwen Loan Servicing, LLC, personally at CSC-Lawyers Incorporating Service Company, Suite 1900, 233 South 13th Street, Lincoln, NE 68508. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h)(1); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).[4]

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[3] The clerk may utilize the completed summons form submitted by Plaintiff. (*See* Filing Nos. 3, 7.)

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

6. The clerk of the court is directed to set the following case management deadline: **July 5, 2018**: check for completion of service of process.

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8. Pursuant to this Memorandum and Order directing service of process, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 6th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge