IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WOLFBAUER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | 8:18-CV-13<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Ocwen Loan Servicing's motion for summary judgment (filing 30). The Court, finding unrebutted evidence that Ocwen complied with the notice requirements of the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 *et seq.*, will grant Ocwen's motion.

BACKGROUND

The plaintiff, James Wolfbauer, filed a *pro se* complaint asserting a single claim for relief under the Act. Filing 1. Specifically, Wolfbauer alleged that Ocwen "conducted a trustee sale" on his North Platte, Nebraska property "without providing [him] with proper notice of the sale of the property." Filing 1 at 4. He alleged Ocwen did not mail notices by registered or certified mail, and did not provide notice by publication. *See* § 76-1008.[1]

Ocwen moved to dismiss Wolfbauer's complaint, asserting that proper notice was provided. Filing 20 at 1-2. As support, Ocwen provided documentary evidence—but that evidence was presented in support of a

---

[1] Although the Act does not provide a remedy for a defective trustee's sale, the trustor can sue in equity to set the sale aside. *Gilroy v. Ryberg*, 667 N.W.2d 544, 553 (Neb. 2003).

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the Court concluded that Ocwen's evidence couldn't be considered in support of a motion to dismiss without converting it to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Filing 25. So, the Court denied the motion to dismiss. Filing 25. Ocwen answered the complaint, *see* filing 27, then filed the instant motion, filing 30.

Ocwen's evidence—now properly before the Court—establishes that Wolfbauer executed a trust deed on real property in North Platte in 2005. Filing 31-1 at 14-23. Kerry Feld was later appointed trustee. Filing 31-1 at 7-8. Wolfbauer defaulted on the terms, and in September 2017, Feld recorded a notice of default with the Register of Deeds of Lincoln County, Nebraska. Filing 31-1 at 26. Feld also sent the notice of default to Wolfbauer by certified mail. Filing 31-1 at 11, 28-35. In October 2017, Feld executed a notice that the property would be sold at public auction on November 21. Filing 31-1 at 11. The notice of sale was published in a North Platte newspaper, and was mailed to Wolfbauer by certified mail. Filing 31-1 at 37, 39-41. On November 21, the property was sold. Filing 31-1 at 43-45.

Wolfbauer does not deny most of that: his opposition to summary judgment is premised on his averment that he never received a notice of sale regarding sale of the property. Filing 33 at 1.[2] This, he argues, is sufficient to controvert Ocwen's claim to have provided him with notice. Filing 32 at 2.

---

[2] Pursuant to NECivR 56.1, a party moving for summary judgment should include in its brief a statement of material facts about which the movant contends there is no dispute, consisting of short numbered paragraphs to which the party opposing summary judgment must respond, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1). In this case, Wolfbauer didn't meaningfully contest many of the factual assertions in Ocwen's brief—but Wolfbauer's failure to respond can't be held against him,

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

---

because Ocwen didn't comply with NECivR 56.1 in the first place. *See* filing 31 at 2-3. This case might have been easier to resolve if it had.

DISCUSSION

Wolfbauer's claim is premised on § 76-1008(2), which provides in relevant part that within 10 days of recording a notice of default,

> the trustee or beneficiary or the attorney for the trustee or beneficiary shall mail, by registered or certified mail with postage prepaid, a copy of such notice with the recording date shown thereon, addressed to each person whose name and address is set forth in a request therefor which has been recorded prior to the filing for record of the notice of default, directed to the address designated in such request. At least twenty days before the date of sale, the trustee or the attorney for the trustee shall mail, by registered or certified mail with postage prepaid, a copy of the notice of the time and place of sale, addressed to each person whose name and address is set forth in a request therefor which has been recorded prior to the filing for record of the notice of default, directed to the address designated in such request.[3]

In his complaint, Wolfbauer alleged that Ocwen neither mailed the sale date notice nor published it. Filing 1 at 5. But now, Wolfbauer simply claims he never received a copy of the notice of sale. Filing 33 at 1.[4]

That, the Court finds, only presents the sort of "metaphysical doubt" that is insufficient to avoid summary judgment. *See Scott v. Harris*, 550 U.S.

---

[3] A trust deed itself, if it contains an address, is deemed a request for notice. § 76-1008(3).

[4] Wolfbauer suggests in his brief that he didn't receive a copy of the notice of default either. Filing 32 at 2. But he neither pleaded that theory, *see* filing 1 at 4-5, nor proved it with evidence, *see* filing 33 at 1.

372, 380 (2007). Ocwen's evidence—PS Form 3877—establishes that the notice of sale was sent to Wolfbauer's North Platte address by certified mail, electronic return receipt, restricted delivery. Filing 31-1 at 39-41. A party may prove it has mailed an item by direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository. *Greenwood v. J.J. Hooligan's, LLC*, 899 N.W.2d 905, 910 (Neb. 2017). And a properly and fully completed Form 3877 entitles the mailer to a presumption of regularity. *Barnes v. Am. Standard Ins. Co. of Wisconsin*, 900 N.W.2d 22, 29-30 (Neb. 2017).

Simply put, even assuming Wolfbauer actually failed to receive notice of the sale, it doesn't suffice to rescue his claim. It doesn't rebut Ocwen's evidence that notice was *sent* as required by the statute. *Cf. Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1039 (8th Cir. 2014).[5] Wolfbauer's claim for relief fails at that point. Wolfbauer also argues that in the alternative, he should be given leave to amend his complaint. Filing 32 at 3. But this case is no longer at the pleading stage, and Wolfbauer can no longer rest on allegations—instead, he must set forth facts that for purposes of summary judgment will be taken as true. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Wolfbauer did set forth one fact in his affidavit, but it's not enough to prove his claim. *See Gilroy*, 667 N.W.2d at 554. Accordingly,

IT IS ORDERED:

1. Ocwen's motion for summary judgment (filing 30) is granted.

---

[5] And, the Court cannot help but note, it's had its own trouble providing Wolfbauer with notice of court filings at the North Platte address he's claimed to maintain. *See* filing 22.

2. Wolfbauer's complaint is dismissed.

3. The pretrial conference previously set for February 22, 2019 is cancelled.

4. A separate judgment will be entered.

Dated this 5th day of February, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge