IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WOLFBAUER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a<br>Delaware Limited Liability Company,<br><br>Defendant. | 8:18-CV-13<br><br>ORDER |

The plaintiff, James Wolfbauer, moves the Court to reconsider its Memorandum and Order of February 5, 2019 (filing 36) granting the defendant's motion for summary judgment. Filing 38. The Court construes Wolfbauer's motion as being asserted under Fed. R. Civ. P. 59(e), which permits the Court "to alter or amend a judgment." But Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* And it is improper to repeat arguments the Court has already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

Wolfbauer's argument here is that he did not receive notice of foreclosure on his property because he "resides in a different town, and never received said notice." Filing 38 at 1. But he never claimed to live someplace else in his opposition to summary judgment. *See* filing 32; filing 33. And in any event, as explained in the Court's memorandum and order, the defendant complied with the requirements of the Nebraska Trust Deed Act by sending

notice to the address reflected in the trust deed. Filing 36 at 4. If Wolfbauer wanted notice at a different address, he could have recorded a request. *See* Neb. Rev. Stat. § 76-1008(2). But there is nothing to indicate he did so. And the Court cannot help but notice that despite claiming that he "resides in a different town," Wolfbauer's filings with this Court—up to and including his motion to reconsider—use the North Platte address for the property that is the subject of this action. *See* filing 33 at 1-2. Wolfbauer cannot complain about lack of notice when notice is sent to the only address he provides.

Wolfbauer also asserts that he was "hospitalized out of town, and unaware that a foreclosure sale had taken place." Filing 38 at 1. Again, Wolfbauer made no such claim in opposing summary judgment. *See* filing 32; filing 33. And in any event, the same logic applies: that fact (even if proved) would not change the fact that the defendant complied with all legal requirements to foreclose on the property. *See* filing 36.

IT IS ORDERED that Wolfbauer's motion to reconsider (filing 38) is denied.

Dated this 12th day of March, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge